IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br>v.<br><br>KIM TAYLOR,<br>*Defendant.* | CRIMINAL NO: 5:23-CR-04004<br><br><br>DEFENDANT'S SENTENCING<br>MEMORANDUM |
|---|---|

**COMES NOW** the Defendant, Kim Taylor, represented by the undersigned counsel F. Montgomery Brown, and hereby submits the following Sentencing Memorandum in conformity with the Order Setting Sentencing Hearing (DOC/#92), as follows:

1. List of Defense Witnesses: Isabella or Ismael Taylor (<10 minutes)

2. List of Defense Exhibits:

    S1:   Letters Of Support
    S2:   Tax Assessment Woodbury County 5202 Christy Road, Sioux City
    S3:   Tax Assessment Woodbury County 3215 Grandview BLVD, Sioux City
    S4:   USBANK 5202 Christy Road Mortgage Statement January 2024
    S5:   USBANK Line of Credit Statement January 2024
    S6:   Green Tea Beauty Salon Tax P&L 2021 & 2022
    S7:   Woodbury County Payroll October-December 2023
    S8:   Sioux City community Schools Payroll July 2023-January 2024
    S9:   US Dept. of Defense payroll
    S10:  Lease 3215 Grandview BLVD
    S11:  Mortgage to John A. Taylor $90,000.00
    S12:  Line of Credit Mortgage 3215 Grandview
    S13:  Forbearance loan documents
    S14:  Great Southern Bank Record October 2021
    S15:  $500.00 per month car payment to parents

3. List of All Sentencing Issues:

    • Whether the Court should impose any fines or Defendant has the financial ability to pay any fine(s) on one or more counts;

- Whether an upward variance is appropriate in light of PSR Paragraph 174;

- Downward variance from the advisory Guideline range to a sufficient but not greater than necessary sentence pursuant to 18 U.S.C. Section 3553(a) of nine months home confinement and 100 hours community service on each count to run concurrently.

4. Table of Authorities:

18 U.S.C. Section 3553(a)
18 U.S.C. Section 3572
USSG Section 3D1.4, comment
USSG Section 5E1.2
USSG Section 5K2.0
*Gall v. United States,* 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)
*Nelson v. United States*, 555 U.S. 350, 352, 129 S.Ct. 890, 172 L.Ed.2d 719 (2009)
*Rita v. United States*, 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)
*United States v. Booker*, 543 U.S. 220, 234, 125 S. Ct. 738, 750, 160 L.Ed.2d 621 (2005)
*United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005)
*United States v. Peterson*, 22 F.4th 805, 808-809 (8th Cir. 2022)
*United States v. Roberson*, 517 F.3d 990, 993 (8th Cir. 2008)
*United States v. Ruelas–Mendez,* 556 F.3d 655, 657 (8th Cir.2009)

## Argument.

### I. Defendant Does Not Have the Resources to Pay A Fine

Ms. Taylor will be assessed $5200.00 in Special Assessment (52 counts x $100.00). They do not have the cash resources to pay for a private attorney to litigate any appeal in this matter presently. The family residence at this time, 5202 Christy Road, Sioux City is tax assessed at $523,500.00 (Ex. S2). The Taylors' owe approximately $442,000 on the principle mortgage to USBANK, plus the payment forbearance in the neighborhood of approximately $60,000.00 (EX. S13). The 5202 Christy Road, Sioux City monthly payment is $3534.40. (EX. S4)

The second residence known as 3215 Grandview BLVD, Sioux City is tax assessed at $154,900.00 (Ex. S3). The Taylors' have a line of equity attached to this residence in the amount of approximately $26,000.00 (S5, S12). The Taylors' borrowed $90,000.00 for attorney fees and

gave John A. Taylor a mortgage of $90,000.00 against 3215 Grandview BLVD to secure the loan (EX. S11).

The tenant at 3215 Grandview BLVD pays the Taylors $1300.00 per month. (EX. S10) As most landlords, the Taylors pay the taxes, insurance and are responsible for upkeep expenses.

Kim Taylor's income from operating her salon was net income of $8,000.00 in 2021, and net income of $34.00 in 2022. (EX. S6) If incarcerated, Kim cannot run that business.

Jeremy Taylor's monthly income from Woodbury County is approximately $1,049.00 net every two weeks (Ex. S7). Jeremy Taylor's monthly income from the School District varies slightly per month with net pay between $5,763 and $6,056 (EX. S8). Jeremy's military pay net was about $936.00 per month. (EX. S9)

The Taylors' essentially borrowed $34,645 from Gerald and Diane Taylor in October of 2021 to purchase family vehicles. (EX. S14, S15) Jeremy pays his father $500.00 per month from his USAA account.

The government does not appear to contest USPO calculation of monthly expenses of approximately $10,490 per month. (Final PSR ¶148 DOC.#91)

USSG Section 5E1.2(a) provides that "the court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." If the district court determines that a fine is appropriate, it must then look to Section 5E1.2(c) for the appropriate fine range. The Guidelines further require the court to consider a list of specified factors in determining the amount of the fine. *See* USSG Section 5E1.2(d). The fine imposed must be within the specified range unless: 1) the defendant establishes an inability to pay; 2) the fine is insufficient to pay the government's costs in relation to defendant's incarceration; 3) a statute requires otherwise; or 4) the district court determines that departure is appropriate. USSG Section

5E1.2(b), 9f), (i), and application note 4.

## § 5E1.2. Fines for Individual Defendants

**(a)** The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine.
**(b)** The applicable fine guideline range is that specified in subsection (c) below. If, however, the guideline for the offense in Chapter Two provides a specific rule for imposing a fine, that rule takes precedence over subsection (c) of this section.
**(c)(1)** The minimum of the fine guideline range is the amount shown in column A of the table below.
**(2)** Except as specified in (4) below, the maximum of the fine guideline range is the amount shown in column B of the table below.
**(3)**

| Offense Level | Fine Table A Minimum |
|---|---|
| 3 and below | $ 200 |
| 4-5 | $ 500 |
| 6-7 | $ 1,000 |
| 8-9 | $ 2,000 |
| 10-11 | $ 4,000 |
| 12-13 | $ 5,500 |
| **14-15** | **$ 7,500** |

**(4)** Subsection (c)(2), limiting the maximum fine, does not apply if the defendant is convicted under a statute authorizing (A) a maximum fine greater than $500,000, or (B) a fine for each day of violation. In such cases, the court may impose a fine up to the maximum authorized by the statute.
**(d)** In determining the amount of the fine, the court shall consider:
**(1)** the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;
**(2)** any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;
**(3)** the burden that the fine places on the defendant and his dependents relative to alternative punishments;
**(4)** any restitution or reparation that the defendant has made or is obligated to make;
**(5)** any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;
**(6)** whether the defendant previously has been fined for a similar offense;
**(7)** the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed; and
**(8)** any other pertinent equitable considerations.

The amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive.
**(e)** If the defendant establishes that (1) he is not able and, even with the use of a reasonable

installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine. In these circumstances, the court shall consider alternative sanctions in lieu of all or a portion of the fine, and must still impose a total combined sanction that is punitive. Although any additional sanction not proscribed by the guidelines is permissible, community service is the generally preferable alternative in such instances.

**(f)** If the defendant establishes that payment of the fine in a lump sum would have an unduly severe impact on him or his dependents, the court should establish an installment schedule for payment of the fine. The length of the installment schedule generally should not exceed twelve months, and shall not exceed the maximum term of probation authorized for the offense. The defendant should be required to pay a substantial installment at the time of sentencing. If the court authorizes a defendant sentenced to probation or supervised release to pay a fine on an installment schedule, the court shall require as a condition of probation or supervised release that the defendant pay the fine according to the schedule. The court also may impose a condition prohibiting the defendant from incurring new credit charges or opening additional lines of credit unless he is in compliance with the payment schedule.

**(g)** If the defendant knowingly fails to pay a delinquent fine, the court shall resentence him in accordance with 18 U.S.C. § 3614.

**(h)** Special Instruction

**(1)** For offenses committed prior to November 1, 2015, use the applicable fine guideline range that was set forth in the version of § 5E1.2(c) that was in effect on November 1, 2014, rather than the applicable fine guideline range set forth in subsection (c) above.

Statutorily, 18 U.S.C. Section 3572 provides:

### § 3572. Imposition of a sentence of fine and related matters

**(a) Factors to be considered.**--In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider, in addition to the factors set forth in section 3553(a)--

**(1)** the defendant's income, earning capacity, and financial resources;

**(2)** the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;

**(3)** any pecuniary loss inflicted upon others as a result of the offense;

**(4)** whether restitution is ordered or made and the amount of such restitution;

**(5)** the need to deprive the defendant of illegally obtained gains from the offense;

**(6)** the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;

**(7)** whether the defendant can pass on to consumers or other persons the expense of the fine; and

**(8)** if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

**(b) Fine not to impair ability to make restitution.**--If, as a result of a conviction, the defendant has the obligation to make restitution to a victim of the offense, other than the United States, the court shall impose a fine or other monetary penalty only to the extent that such fine or penalty will not impair the ability of the defendant to make restitution.
**(c) Effect of finality of judgment.**--Notwithstanding the fact that a sentence to pay a fine can subsequently be--
**(1)** modified or remitted under section 3573;
**(2)** corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
**(3)** appealed and modified under section 3742;

The burden is upon the defendant to show that she is unable to pay a fine and is not likely to able to pay a fine. *United States v. Peterson*, 22 F.4th 805, 808-809 (8th Cir. 2022) ("sentencing court must consider a fine's burden on "any person who is financially dependent on the defendant").

The Taylors' are heavily leveraged and at best nearly underwater. The defendant has established that she is unable to pay presently. The defendant is a convicted felon at sentencing. Her employment opportunities are limited at best. Her salon makes little money which she cannot operate if incarcerated. Her husband's employment opportunities remain static and could be substantially reduced depending upon whether he either runs and successfully remains on the Woodbury County Board of Supervisors. Ms. Taylor is not likely to be able to pay any fine in the future. The family has no real access to liquid assets. The large family is entirely dependent upon

Jeremy Taylor's income. Imposition of a fine would unduly burden the defendant's dependents as her husband is the family's sole source of income. Fines in addition to other to be determined criminal punishment in a combined sentence is not necessary to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence.

Based upon lack of ability to pay now or in the future, all the statutory, Guideline and other pertinent equitable considerations, Ms. Taylor requests that the court decline imposing any fines in this matter.

## II.     Whether an upward variance is appropriate in light of PSR Paragraph 174.

To the extent that the government seeks upward departure as possibly suggested in the PSR referencing USSG Section 3D1.4, comment, Ms. Taylor objects and resists. The government has maintained that her conduct was part of an overall and central scheme. The government contends that the single motive was to help her husband get elected. The offenses of conviction, while on different dates of alleged execution, are by their nature grouped by the four affected families. The offense conduct all arises out of the same occurrence which was the 2020 election cycle.

The five-level increase pursuant to USSG Section 3D1.4 is a significant advisory Guideline upward adjustment and more than adequately adjusts the advisory range for multiple counts. The U.S. Sentencing Commission had the ability and experience to create and amend Guidelines to increase the five level increase. The U.S. Sentence Commission has not. The existing five-level increase results in sufficient advisory incremental punishment Guideline range. The five-level multi-count adjustment was adequately taken into consideration by the U.S. Sentencing Commission. See USSG Section 5K2.0.

### III. Downward variance to a Sufficient but not greater than necessary sentence pursuant to U.S.C. Section 3553(a)

Ms. Taylor requests and believes that sufficient Section 3553(a) factors exist to support a downward variance to a sentence of nine months home confinement plus 100 hours community service. None of the offenses of conviction require a term of imprisonment statutorily.

The Guidelines are no longer mandatory. *United States v. Booker*, 543 U.S. 220, 234, 125 S. Ct. 738, 750, 160 L.Ed.2d 621 (2005). However, the district court must take them into consideration. *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005) (directing the court to first consider the potential Guideline range, then discern whether traditional departure is appropriate under the Guidelines, then consider all the other factors set forth in 18 U.S.C. § 3553(a)).

The United States Sentencing Guidelines are but one factor for the district court to consider in determining a sentence that is sufficient but not greater than necessary. The other factors are set forth in Section 3553(a), and include:

1) the nature and circumstances of the offense and history and characteristics of the defendant;
3) the kinds of sentences available;
6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1), (3), (6-7). Additionally, the Court must consider:

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

>effective manner.

18 U.S.C. § 3553(a)(2).

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States,* 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). "[T]he district court should then consider all of the § 3553(a) factors." *Id.* In the post-*Booker* sentencing regime, the district court's "reasoned sentencing judgment rest[s] upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Rita v. United States*, 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). The sentencing court "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (citing *Id.* at 351, 127 S.Ct. 2456, 168 L.Ed.2d 203); *see also Nelson v. United States*, 555 U.S. 350, 352, 129 S.Ct. 890, 172 L.Ed.2d 719 (2009) ("Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable."). The court "must make an individualized assessment based on the facts presented." *Id.* at 50, 128 S.Ct. 586, 168 L.Ed.2d 203. Should the court find "that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* "After setting on the appropriate sentence, [the court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* (citing *Rita*, 551 U.S. at 356-58, 127 S.Ct. 2456, 168 L.Ed.2d 203).

After setting the sentence, the court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* Thus, the final step in the determination of a defendant's sentence is to apply the factors in § 3553(a). *United States v. Roberson*, 517 F.3d 990, 993 (8th Cir. 2008). The court has substantial latitude in

determining how much weight to give each of the 3553(a) factors. *See United States v. Ruelas–Mendez,* 556 F.3d 655, 657 (8th Cir.2009).

The offenses of conviction are not violent offenses as that phrase or term is commonly understood, used in the federal criminal code or Sentencing Guidelines. Ms. Taylor did not intend to adversely affect elections by storming a government building, organizing such conduct, or encouraging insurrection or violence to obtain some aim beneficial to her directly or to others on the ballot including her husband. She did not swing flags and beat officers, spray officers, build a gallow, lead death chants, plant a bomb, nor attack security officers. She did not physically destroy or foul any government building.

If vast pervasive public mistrust in America exists in absentee or early voting by mail activities, she is not the cause of that mistrust. She did not invent "Stop the Steal". If the jury was right, and their conclusion is binding on the court at this juncture, Ms. Taylor overzealously acted to increase the registration and vote for principles and persons she favored. Western Iowa residents familiar with her case may well have said to themselves or others something like- "See, absentee balloting is full of fraud". If so, this is a harm or consequence. Such consequence is hard to measure. She contends, however, that the punishment nonetheless be reasonable, and that it be sufficient but not greater than necessary upon consideration of all the Section 3553(a) factors.

Ms. Taylor is 50 years of age. She was born into war, family separation and fortunate immigration to the United States. She is a U.S. citizen. Ms. Taylor has no prior criminal history. She has performed as required on pre-trial release. She has no substance or alcohol abuse in her history.

She is her elderly mother's principal caretaker. Ms. Taylor is the primary parent responsible for the daily lives of five of her children living in the home. She has managed a

marriage and household through her husband's deployments overseas, and family dramatics set forth in PSR Paragraph 135. (PSR ¶ 135 DOC.#91) Ms. Taylor is not physically healthy, although not terminally ill. (PSR ¶ 137-38 DOC.#91)

A modest sentence of home confinement for nine months and 100 hours of community service on each count concurrently is a reasonable punishment. From a general deterrence perspective, such a sentence informs the public that voting fraud conduct has penological consequences. Stated another way, high certainty of getting caught and real certainty of punishment if convicted. From a specific deterrence perspective (regardless of whether she accepts responsibility), Ms. Taylor has experienced a front seat view of certainty of getting caught and certainty of punishment she would have preferred to avoid. Felony convictions and home confinement is punishment. Lost reputation and public ill repute is punishment. She has lost her right to vote. More confinement or more prison is not always necessary to teach general and specific deterrence lessons, or protect the public from this Defendant.

The court has legal authority to vary downward from the advisory Guidelines. Sufficient facts and circumstances permit the court to do so in this unique case.

Respectfully submitted,

/s/ F. Montgomery Brown

F. Montgomery Brown AT0001209
F.M. Brown Law Firm, P.L.L.C.
1001 Office Park Road, Suite 108
West Des Moines, IA 50265
Telephone: (515) 225-0101
Facsimile: (515) 225-3737
Email: fmbrown@fmbrownlawfirm.com
ATTORNEY FOR DEFENDANT

**Original Filed.**
**Copies to:**

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Ronald C. Timmons
ron.timmons@usdoj.gov

Richard B. Evans
richard.b.evans@usdoj.gov